UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: ERIC BROWN,                                              No. 13-13-10538 JA

    Debtor.

ERIC BROWN,

    Plaintiff,

v.                                                                              Adversary No. 13-1025 J

BRITTANY BROWN,

    Defendant.

## MEMORANDUM OPINION

THIS MATTER is before the Court on the Defendant's Motion for Summary Judgment and Memorandum in Support Thereof ("Motion for Summary Judgment"). *See* Docket No. 7. Plaintiff Eric Brown opposes the Motion for Summary Judgment. *See* Docket No. 8. Defendant Brittany Brown asserts that a Minute Order entered in connection with the parties' dissolution of marriage proceeding, Case No. D-202-DM-2011-02724 (the "State Court Dissolution Case") establishes that the debt at issue in this adversary proceeding is a domestic support obligation within the meaning of 11 U.S.C. § 523(a)(5). Consequently, Brittany Brown contends further that Eric Brown is collaterally estopped from asserting that the debt is the type of debt referenced in 11 U.S.C. § 523(a)(15), which is dischargeable in a chapter 13 bankruptcy case, rather than a domestic support obligation referenced in 11 U.S.C. § 523(a)(5), which is not.

After considering the Motion for Summary Judgment and the opposing response, and being otherwise sufficiently informed, the Court finds that the Minute Order does not include sufficient factual findings necessary to establish that the debt constitutes a domestic support

obligation. Consequently, collateral estoppel does not preclude the Plaintiff from litigating whether the debt is of the type referred to under 11 U.S.C. § 523(a)(15) rather than a domestic support obligation. The Court, will, therefore, deny the Motion for Summary Judgment.

## SUMMARY JUDGMENT STANDARDS

Summary judgment, governed by Rule 56, Fed.R.Civ.P., will be granted when the movant demonstrates that there is no genuine dispute as to a material fact and that the movant is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a), made applicable to adversary proceedings by Rule 7056, Fed.R.Bankr.P. In considering a motion for summary judgment, the Court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Wolf v. Prudential Ins. Co. of America*, 50 F.3d 793, 796 (10th Cir. 1995) (quoting *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F2d 1238, 1241 (10th Cir. 1990)).

## FACTS NOT SUBJECT TO GENUINE DISPUTE

Eric Brown does not dispute any of the material facts set forth by Brittany Brown in her Motion for Summary Judgment. *See* Plaintiff's Answer to Motion for Summary Judgment and Memorandum in Support Thereof ("Plaintiff's Response") – Docket No. 8 (conceding that "Plaintiff does not object to Defendant's statement of undisputed material facts."). The material facts not subject to genuine dispute necessary to decide the Motion for Summary Judgment are as follows:

1. Brittany Brown filed a verified petition for dissolution of marriage initiating the State Court Dissolution Case on June 29, 2011.

2. Brittany Brown and Eric Brown entered into a Marital Separation Agreement ("MSA") which was filed in the State Court Dissolution Case on April 9, 2012.

2

3. The MSA contained a division of community debt.

4. Under the MSA, Eric Brown was responsible for the payment of several credit card debts.

5. Brittany Brown was responsible under the MSA for payment of a debt on a Target account ending in 0994.

6. The MSA included a statement that "[b]oth parties are self-supporting and neither party shall bay spousal support to the other party now or at any time in the future."

7. A Stipulated Order was entered in the State Court Dissolution Proceeding on August 9, 2012, which provided that Eric Brown was to pay $1,085.84 to Brittany Brown to compensate her for payments she made on debts that Eric Brown was assigned responsibility to pay under the MSA.

8. As part of the Stipulated Order, Eric Brown also accepted liability for payment of the debt on the Target account ending in 0994.

9. On January 15, 2013, the state court entered a Minute Order (the "January 15, 2013 Minute Order"), which documented the state court's finding that Eric Brown had failed to fulfill his obligations under the Stipulated Order, and awarded Brittany Brown judgment against Eric Brown in the amount of $2,661.84.

10. The January 15, 2013 Minute Order provided further that Eric Brown's failure to pay Brittany Brown the judgment amount by 5:00 p.m. on April 30, 2013 would result in the issuance of a bench warrant and cash only bond.

11. Eric Brown filed a voluntary petition for relief under Chapter 13 of the bankruptcy code on February 22, 2013 as Case No. 13-13-10538 JA.

12. Eric Brown filed this adversary proceeding seeking a dischargeability determination with respect to the judgment contained in the January 15, Minute Order.

13. Brittany Brown filed an Emergency and Expedited Motion to Establish Respondent's Financial Obligations as Domestic Support Obligations ("Emergency Motion") in the State Court Dissolution Proceeding on April 2, 2013.

14. Eric Brown did not file a response to the Emergency Motion.

15. Paragraph 6 of the Emergency Motion quotes the definition of domestic support obligation set forth in 11 U.S.C. §101(14A) of the Bankruptcy Code, states that the reason Brittany Brown seeks a determination that the judgment is a domestic support obligation is so that the judgment would likely be non-dischargeable in Eric Brown's bankruptcy case.

16. The state court held a hearing on the Emergency Motion in the State Court on May 21, 2013.

17. Eric Brown appeared *pro se* at the May 21, 2013 hearing on the Emergency Motion.

18. Eric Brown had a fair opportunity to present his position regarding the nature of the judgment entered as part of the January 15, 2013 Minute Order at the hearing on the Emergency Motion held in the State Court Dissolution Proceeding.

19. The state court entered a Minute Order resulting from the hearing on the Emergency Motion (the "May 21, 2013 Minute Order").

20. The May 21, 2013 Minute Order is a one-page document that includes the following statement: "the Judgment in the amount of $2,661.84 set forth in this Court's order of January 15, 2013 is determined by this Court to be a domestic support obligation."

4

DISCUSSION

Eric Brown filed this adversary proceeding against his former spouse seeking a determination that the debt arising as a result of the parties' dissolution of marriage proceedings is a debt of the kind referred to in 11 U.S.C. § 523(a)(15), which is dischargeable in a Chapter 13 case, rather than a "domestic support obligation" referred to in 11 U.S.C. § 523(a)(5), which is not. Brittany Brown asserts that collateral estoppel bars Eric Brown from asserting that the debt is not a domestic support obligation based on the May 21, 2013 Minute Order.

A state court judgment can have collateral estoppel effect for purposes of establishing the non-dischargeability of a particular debt under 11 U.S.C. § 523 even though the bankruptcy court is charged with making the ultimate determination of dischargeability. *See Grogan v. Garner,* 498 U.S. 279, 284 n.11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)(acknowledging that "[v]irtually every court of appeals has concluded that collateral estoppel is applicable in discharge exception proceedings[ ]" and clarifying "that collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to §523(a).")(citations omitted); *Brown v. Felsen,* 442 U.S. 127, 139 n. 10, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979)(acknowledging that collateral estoppel would bar the re-litigation in bankruptcy court of factual issues determined by a state court using standards identical to those contained in the dischargeability provisions of the former Bankruptcy Act); *Klemens v. Wallace (In re Wallace),* 840 F.2d 762, 764 (10th Cir. 1988)("Although the bankruptcy court in a dischargeability action under section 523(a) ultimately determines whether or not a debt is dischargeable, . . the doctrine of collateral estoppel may be invoked to bar relitigation of the factual issues underlying the determination of dischargeability[.]"). Further, it is appropriate to apply collateral estoppel principles to dischargeability claims under 11 U.S.C. § 523(a)(5) because state courts have concurrent jurisdiction with bankruptcy courts to determine

5

whether an obligation is in the nature of support. *See Lewis v. Trump (In re Trump),* 309 B.R. 585, 589 n.3 (Bankr.D.Kan. 2004)("The state court has concurrent jurisdiction to determine dischargeability of obligations under § 523(a)(5)."); *Milford v. Milford (In re Milford),* 281 B.R. 742, 744 (Bankr.M.D.Fla. 2002)("state courts have concurrent jurisdiction with bankruptcy courts to determine whether an obligation is in the nature of alimony or support for § 523(a)(5) purposes.")(citations omitted). Ultimately, however, whether a debt is non-dischargeable under 11 U.S.C. § 523(a)(5) is resolved according to federal bankruptcy law, not state law. *Loper v. Loper (In re Loper),* 329 B.R. 704, 707 (10th Cir. BAP 2005)(citing *Sampson v. Sampson (In re Sampson),* 997 F.2d 717, 721 (10th Cir. 1993)).

In determining whether collateral estoppel bars re-litigation of elements necessary to determine dischargeability under 11 U.S.C. § 523, the Court applies the collateral elements required under the law of the state in which the judgment was entered. *In re Fordu,* 201 F.3d 693, 703 (6th Cir. 1999)("When a federal court is asked to give preclusive effect to a state court judgment, the federal court must apply the law of the state in which the prior judgment was rendered in determining whether and to what extent the prior judgment should be given preclusive effect in a federal action.")(citations omitted).[1] The requirements for collateral estoppel under New Mexico law are:

> (1) the party to be estopped was a party to the prior proceeding, (2) the cause of action in the case presently before the court is different from the cause of action in the prior adjudication, (3) the issue was actually litigated in the prior adjudication, and (4) the issue was necessarily determined in the prior litigation.
>
> *Shovelin v. Central New Mexico Elec. Co-op, Inc.,* 115 N.M. 293, 297, 850 P.2d 996, 1000 (citing *Silva v. State,* 106 N.M. 472, 474-76, 745 P.2d 380, 832-84 (1987)).

---

[1] *See also, Doe v. Martinez (In re Martinez),* 2012 WL 1641926, *5 (Bankr.D.N.M. May 10, 2012)("When applying principles of collateral estoppel based on a judgment entered in state court, the bankruptcy court must look to the applicable requirements of the state in which the judgment was entered.")(citing *Gonzales v. Hernandez,* 175 F.3d 1202, 1204 (10th Cir. 1999)); *Missouri ex rel. Nixon v. Audley (In re Audley),* 268 B.R. 279, 284 (Bankr.D.Kan. 2001)("the applicable collateral estoppel law is that of the state entering the judgment at issue.")(citation omitted).

Once the moving party has established these four elements, the Court must determine whether the non-moving party "had a full and fair opportunity to litigate the issue in the prior litigation." *Id.*

The facts not subject to genuine dispute identified by Brittany Brown are sufficient to establish elements (1), (2), and (3): Eric Brown was a party to the State Court Dissolution Proceeding; this adversary proceeding is different from the State Court Dissolution Proceeding; and Brittany Brown's Emergency Motion raised and presented the issue of whether the debt represented by the January 15, 2013 Minute Order is a domestic support obligation to the state court for consideration at the hearing held in the State Court Dissolution Proceeding on May 21, 2013. Eric Brown also appears to concede that he had a full and fair opportunity to litigate the issue during the hearing on the Emergency Motion. However, the May 21, 2013 Minute Order is insufficient to establish that the question of whether the judgment entered as part of the January 15, 2013 Minute Order constitutes a domestic support obligation was necessarily determined as part of the State Court Dissolution Proceeding.

"Domestic support obligation" is defined by 11 U.S.C. 101(14A), which provides:

The term 'domestic support obligation' means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—
    (A) owed to or recoverable by—
        (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
        (ii) a governmental unit;
    (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
    (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of–
        (i) a separation agreement, divorce decree, or property settlement agreement;

7

    (ii)  an order of a court of record; or
    (iii)  a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
  (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of colleting the debt.

  11 U.S.C. § 101(14A).

A debt is "in the nature of support" and consequently non-dischargeable under 11 U.S.C. § 523(a)(5) only when it is "in, substance, support." *Sampson,* 997 F.2d at 723 (citing *Grogan v. Garner,* 498 U.S. at 290).[2] In determining whether an obligation is in the nature of support, the Court must not rely on labels the parties or the state court give to an obligation. *See Young v. Young (In re Young),* 35 F.3d 499, 500 (10th Cir. 1994)("the bankruptcy court is required to look behind the words and labels of the agreement" to resolve the issue of whether an obligation is, in fact, in the nature of support)(citation omitted); *In re Evert,* 342 F.3d 358, 364 (5th Cir. 2003)("in interpreting §523(a)(5) courts will generally look beyond labels which state court—and even the parties themselves—give obligations which debtors seek to have discharged."); *Busch v. Hancock (In re Busch),* 369 B.R. 614, 622 (10th Cir. BAP 2007)(the court must "make its own determination of the character of the obligation from the facts at hand, not rely on the denomination of the obligation in the divorce decree.")(citations omitted); *In re Seixas,* 239 B.R. 398, 402 (9th Cir. BAP 1999)(recognizing that the labels used by the state court to describe

---

[2]*Sampson* was decided before the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") changed the language in 11 U.S.C. § 523(a)(5) to apply to "domestic support obligations" as defined in 11 U.S.C. § 101(14A). The different language in 11 U.S.C. § 523(a)(5) after BAPCPA "did not change the standard for whether an obligation is in the nature of support." *Stover v. Phegley (In re Phegley),* 443 B.R. 154, 157 (8th Cir. 2011). *See also, In re Charlton,* 2008 WL 5539789 *5 (Bankr.D.Kan. Dec.3, 2008)(reasoning that even though the language in the Bankruptcy Code defining "domestic support obligation" is not identical to the language contained in 11 U.S.C. § 523(a)(5) prior to the enactment of BAPCPA, it is "consistent with the 'actual-support' requirement for alimony, maintenance and support debts."). Thus, the standard set forth in *Sampson* remains applicable to dischargeability actions seeking a determination of whether a debt constitutes a domestic support obligation for purposes of 11 U.S.C. § 523(a)(5).

obligations resulting from a separation or divorce agreement are not binding with respect to whether an obligation is nondischargeable under § 523(a)(5))(citations omitted).

A spouse's debt to a former spouse resulting from dissolution of marriage proceedings is nondischargeable under 11 U.S.C. § 523(a)(5) when the evidence establishes "that the parties intended the obligation as support and that the obligation was, in substance, support." *Sampson,* 997 F.2d at 723 (citation omitted). An obligation is, in substance, support if it functions to provide support to the former spouse given the "relative financial circumstances of the parties at the time of the divorce." *Id.* at 726.

Here, the state court denominated the judgment as a "domestic support obligation" in the May 21, 2013 Minute Order, but did not make any findings that would indicate that the judgment is, in fact, in the nature of support. Collateral estoppel effect should be given to state court judgments for purposes of establishing dischargeability in bankruptcy "only if, *inter alia,* the first court has made specific, subordinate, factual findings on the identical dischargeability issue in question—that is, an issue which encompasses the same prima facie elements as the bankruptcy issue—and the facts supporting the court's findings are discernible from that court's record." *Hutton v. Ferguson (In re Hutton),* 463 B.R 819, 825-26 (Bankr.W.D.Tex. 2011)(quoting *Dennis v. Dennis (In re Dennis),* 25 F.3d 274, 278 (5th Cir. 1994)).

Some of the elements identified in 11 U.S.C. § 101(14A) can be inferred from the May 21, 2013 Minute Order: the debt accrued before, on or after the petition date; the debt is owed to a former spouse; and the debt was established by reason of a court order. Further, there is no evidence before the Court that the debt has been assigned to a nongovernmental entity for the purpose of collecting the debt. However, nothing in the May 21, 2013 Minute Order specifically addresses the elements necessary to a determination that the debt embodied in the January 15,

9

2013 Minute Order is truly in the nature of support. To make such a determination the state court would have had to determine the parties' mutual intent by assessing "'the function served by the obligation at the time of the divorce,' . . . by considering the relative financial circumstances of the parties at the time of the divorce." *Sampson,* 997 F.2d at 725-726 (quoting *Gianakas v. Gianakas (In re Gianakas),* 917 F.2d 759, 763 (3rd Cir. 1990)).[3]

    The fact that Brittany Brown directed the state court to the Bankruptcy Code's definition of domestic support obligation in her Emergency Motion makes no difference. The May 21, 2013 Minute Order merely labels the obligation as a "domestic support obligation" without making any specific, subordinate findings of fact with respect to the nature of the obligation from which this Court could give collateral estoppel effect for purposes of 11 U.S.C. § 523(a)(5). *Cf. Cobb v. Lewis (In re Lewis),* 271 B.R. 877, 886 (10th Cir. BAP 2002)(concluding that the collateral estoppel requirement for actual and necessary determination was not satisfied where state court judgment did not include a sufficient finding necessary to establish the specific intent element required under § 523(a)(2)(A)'s non-dischargeability provision based on fraud).

    Based on the foregoing, the Court concludes that collateral estoppel does not bar Eric Brown from litigating the dischargeability of the debt arising from the January 15, 2013 Minute Order as embodied in the May 21, 2013 Minute Order. The Court will, therefore, deny the Motion for Summary Judgment.

                                                   /s/ Robert H. Jacobvitz
                                                   ROBERT H. JACOBVITZ
                                                   United States Bankruptcy Judge

Date entered on docket: September 25, 2013

---

[3] "[T]he critical inquiry is the shared intent of the parties at the time the obligation arose." *Sampson,* 997 F.2d at 723 (citing *Tilley v. Jessee,* 789 F.2d 1074, 1078 (4th Cir. 1986)).

COPY TO:

**Christopher L Trammell**
Attorney for Plaintiff
3900 Juan Tabo NE
Albuquerque, NM 87111-3984

**Christopher M Gatton**
Law Office of George Dave Giddens, PC
Attorney for Defendant
10400 Academy Rd., #350
Albuquerque, NM 87111